UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

**This Document Relates to:**

*Richard Brown, individually and as Personal Representative of the Estate of Cecelia Brown vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50399

*Claudie Kennimer vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51721

*Lorraine Kincaid vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51719

*Everett J. Van Dright vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50015

*Michael R. Moragne vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50433

*William Martin vs. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:12-cv-50016

*James Pettas vs. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:13-cv-51229

*Jean M. Chakanovsky vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50308

*Thomas J. Eilers, Individually and as representative of the estate of Opal F. Eilers, Deceased vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50280

*Billy Roden vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50299

*Cologero Frank "Jerry" Mancuso vs. Boehringer Ingelheim Pharmaceuticals, Inc. et. al.*
Civil Action No.: 3:13-cv-60031

*Otis Shelmire vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51906

*Dana Dunn, Individually and as Personal Representative of the Estate of Doris Green, Deceased vs. Boehringer Ingelheim Pharmaceuticals, Inc.*
Civil Action No.: 3:14-cv-50213

*Hope Dinicolantonio, as Next of Kin Estate of John B. Teel, Deceased vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:12-cv-60080

*Clarence Albert Thornton vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51717

*Martha Degregorio vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51663

*Melisa Ertzberger, Individually and as the surviving spouse of Royce Ertzberger, Deceased vs. Boehringer*

Case 3:13-cv-51721-DRH-SCW   Document 5   Filed 03/30/15   Page 3 of 6   Page ID #36


*Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50197

*Velma Graham, individually and as Personal Representative of the Estate of Raymond Graham vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50457

*Jacqueline Jones, Individually and on Behalf of the Estate of Jessie Willie Jones vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50063

*Phyllis Soldo, Individually and on behalf of the Estate of Lucille Soldo, Deceased vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50512

*Jordan Thomas vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-50620

*Douglas Carroll Quillen vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50535

*Mylon Betts, Individually and as Representative of the Estate of Myron Betts, Deceased vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:14-cv-50079

*Dorothy Hodges vs. Boehringer Ingelheim Pharmaceuticals, Inc., et. al.*
Civil Action No.: 3:13-cv-51631

<div style="text-align: center;"><u>**ORDER OF DISMISSAL WITH PREJUDICE**</u></div>

**HERNDON, District Judge:**

This matter is before the Court on defendants' (Boehringer Ingelheim Pharmaceuticals Inc. and Boehringher Ingelheim International) motions to dismiss the above captioned actions with prejudice pursuant to the Pradaxa Product Liability Litigation Master Settlement Agreement ("MSA"). None of the above captioned plaintiffs has responded to the motions. Accordingly, the Court accepts as true the allegations in defendants' motions. For the reasons discussed herein, the motions are **GRANTED**.

Defendants and the Pradaxa Claimants' Negotiating Counsel executed the Master Settlement Agreement on May 28, 2014. The MSA sets forth the timing and procedure for Pradaxa Claimants to opt in to the voluntary settlement program. Specifically, each Pradaxa Claimant wishing to opt in to the settlement was required to submit an Opt-In Form, which was attached to the MSA as Exhibit 5. The Opt-In Form specifically provides that the election to opt in to the settlement is irrevocable and that the Claimant is waiving all rights to pursue his or her claims in court. Each of the above captioned plaintiffs submitted a timely Opt-In Form.

The MSA also required that within thirty days of opting into the settlement each Participating Claimant shall post to the Claims Administrator's secure portal a "Claim Package Submission" containing specified materials. The parties to the MSA intended strict compliance with its terms, with non-compliance resulting in the Claimant being unable to participate in the settlement and dismissal with prejudice of any pending lawsuit. MSA ¶ 7.6 and ¶ 7.9.

The MSA also permits the Claims Administrator to review the Claim Packages for completeness and to issue deficiency notices when a Claimant does not submit a complete Claim Package. MSA at ¶ 7.8. Upon receipt of a Notice of Incomplete Claim, a Claimant has thirty days to cure any deficiencies. *Id.* If a Claimant with a pending lawsuit fails to timely cure the defects identified in the Notice of Incomplete Claim, the MSA specifically provides that the Defendant may move to dismiss the lawsuit with prejudice and that the expectations of the parties is that such a motion would be granted, absent a showing of good cause that justifies the failure to cure. *Id.* at ¶ 7.9.

As outlined in the defendants' motion, each of the above captioned plaintiffs: (1) filed a lawsuit in this MDL; (2) opted in to the settlement; (3) were sent a Notice of Incomplete Claim; and (4) failed to timely cure the deficiencies within the required time period. Further, as previously noted, none of the above captioned plaintiffs has responded to the pending motions to dismiss.

The Court finds that the above captioned plaintiffs failed to comply with the requirements of the MSA. Accordingly, pursuant to the terms thereof, the above

captioned plaintiffs' cases are subject to dismissal with prejudice.

The claims of the above captioned plaintiffs are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 27th day of March, 2015

Digitally signed by David R. Herndon
Date: 2015.03.27 15:01:18 -05'00'

**District Judge**
**United States District Court**